CHARLES H. PERKINS *vs.* GEORGE H. RICE & another.

Worcester.    October 6, 1904. — November 22, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, & BRALEY, JJ.

*Evidence*, Admissions and confessions.  *Landlord and Tenant.  Elevator.  Practice, Civil*, Exceptions, Discretionary power of presiding judge, Verdict.

In an action for injuries from the alleged negligent operation of an elevator in an apartment building owned by the defendant and let to various tenants, if the defendant denies that he was in control of the elevator at the time of the accident, the plaintiff for the purpose of proving such control may show that shortly

before the accident the defendant procured a policy of indemnity insurance against loss or damage from accidents arising in operating the elevator, and that such insurance was in force when the plaintiff was injured.

The exclusion of material evidence is none the less a ground for exception because there was uncontradicted testimony which if believed was amply sufficient to establish the fact which the excluded evidence was offered to prove.

It is not within the discretionary power of a presiding judge at a jury trial to exclude material evidence because he thinks that evidence already has been introduced sufficient, if believed, to establish the fact to be proved.

After a general verdict for the defendant in an action of tort, an exception of the plaintiff to the exclusion of evidence will be sustained if the rejected evidence was material on any of the issues submitted to the jury, as the verdict may have been rendered on the issue on which the evidence was offered.

TORT for injuries alleged to have been caused by the negligent operation of an elevator in an apartment building of the defendants on Wellington Street in Worcester. Writ dated August 5, 1902.

At the trial in the Superior Court before *Maynard*, J. the jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*W. Thayer*, (*F. A. Walker* with him,) for the plaintiff.

*C. C. Milton*, for the defendants.

BRALEY, J. This is an action of tort brought to recover damages for personal injuries received by the plaintiff when seeking to use an elevator maintained in an apartment building rented to various tenants, but the ownership of which was admitted by the defendants.

The trial in the Superior Court resulted in favor of the defendants, and the case is before us on exceptions taken by the plaintiff to the exclusion of certain evidence offered by him, and to portions of the instructions under which the case was submitted to the jury.

The admission of ownership of the building was accompanied by a denial of the defendants that they were in control of the elevator at the time of the accident, and this must be taken to mean that they required the plaintiff to prove the essential fact, that in renting the apartments they still retained control of it. If this was proved then they might be held liable for its defective condition, if the plaintiff could establish his due care, and negligence on their part in the discharge of any duty they owed to him. See *Marwedel* v. *Cook*, 154 Mass. 235, 236; *Wilcox* v. *Zane*, 167 Mass. 302, 306; *Coupe* v. *Platt*, 172 Mass. 458.

Although each of the defendants was a witness, neither appears to have been asked directly any questions relating to their retention of possession of the elevator, but in the cross-examination of one of them the plaintiff for the sole purpose of proving such control formally offered to show, that shortly before the accident they had procured a policy of indemnity insurance against loss or damage from accidents arising in operating the elevator, and that such insurance was in force when he was injured. Upon objection being made by their counsel, who stated in reply to a question asked by the presiding judge, that they still denied any control of the elevator, the evidence offered was excluded. The reasons for such exclusion are not given, and it is to be determined whether the evidence was admissible in support of this issue.

The exceptions are silent as to the form in which it was sought to introduce the proposed proof, whether by further cross-examination of the defendants, or by the policy itself; but as the evidence was in substance admissible, either course could have been taken, for the proof offered was in the nature of an admission by the defendants. *Smith* v. *Palmer*, 6 Cush. 513, 520, 521.

If they had taken such a policy it was evidence of their interest in some form in the elevator, and with the accompanying proof might have been found sufficient to satisfy the jury that, notwithstanding their denial, they still retained the management of it. The probative force of this evidence was for the jury, and it properly could be argued, that the defendants would not have deemed it prudent to secure indemnity insurance on an elevator not within their control, or for the careless management or defective condition of which they could not be held responsible.

When repairs are made on premises by those whom it is sought to charge with liability for their defective condition, evidence of this fact has been deemed competent whether they were made before or after the accident, as being inconsistent with a denial of ownership, although such evidence is not competent as an admission of liability for the accident itself. *Readman* v. *Conway*, 126 Mass. 374. *Poor* v. *Sears*, 154 Mass. 539, 549. *Shinners* v. *Proprietors of Locks & Canals*, 154 Mass. 168. *Anderson* v. *Duckworth*, 162 Mass. 251, 254. *O'Malley* v. *Twenty-Five Associates*, 170 Mass. 471, 477.

In principle, there is no difference whether evidence of this character is offered to prove possession and control of an elevator, or of the premises in which it may be located. Proof of any act of the defendants whom it was sought to hold tending to show the exercise by them of dominion over either, was competent for this purpose, and the exclusion of the plaintiff's offer of proof was erroneous.

The fact that there was uncontradicted testimony which, if believed, was amply sufficient to prove that the defendants had not relinquished but retained such control does not cure the error; for the plaintiff was entitled to the full benefit of any and all relevant and material evidence properly offered by him upon this issue.

Nor can it be held that the large discretionary powers of the Superior Court include the right to reject evidence at a jury trial when regularly offered, because in the opinion of the presiding judge sufficient proof, if believed, already has been introduced to establish the fact to be proved.

Neither are we able to say that no injustice would be done if the rule adopted in *Hinckley* v. *Somerset*, 145 Mass. 326, 338, that if incompetent evidence is admitted " to prove a fact which the conceded facts necessarily establish," the exceptions will not be sustained, should be extended to include a case like this. For beyond the fact of their title the defendants made no concessions, but went to the jury on all the issues, and, as they obtained a general verdict, there is substantial support for the position that it may have been rendered on the very issue on which the plaintiff desired to introduce the rejected evidence.

As the exceptions must be sustained by reason of this error, a discussion of the other questions raised is not required; for at another trial they may not become material in the form in which they now are presented.

*Exceptions sustained.*