JAMES P. McGOVERN, as Administrator, etc., of KATE McGOVERN WAGNER, Respondent, Appellant, *v.* ISIDOR OLIVER, Appellant, Impleaded with DOROTHY OLIVER, Respondent.

JAMES P. McGOVERN, as Administrator, etc., of KATE McGOVERN WAGNER, Respondent, Appellant, *v.* ISIDOR OLIVER, Appellant, Impleaded with DOROTHY OLIVER, Respondent.

First Department, February 9, 1917.

Motor vehicles — negligence — evidence not establishing that chauffeur was acting within scope of employment — evidence — ownership of automobile as between codefendants — evidence that wife paid insurance on vehicle — new trial.

Action to recover for the death of an infant who was struck by the defendants' automobile. Evidence examined, and *held,* that while it was sufficient to establish that the defendant owned the automobile which caused the death, the plaintiff had failed to establish by a preponderance of evidence that the chauffeur who was driving the vehicle was at the time acting for the owner or was within the scope of his employment, and that the verdict for the plaintiff on this issue was against the weight of evidence.

Where there was an issue between the codefendants, who were husband and wife, as to which of them was the owner of the automobile which caused the death, it was error to exclude evidence to the effect that the vehicle was insured in the name of the wife and that she paid the premiums for fire and liability insurance.

Such material evidence was not rendered incompetent by the fact that it might tend to show that an indemnity company would be liable over to the defendant.

As a new trial is granted on the appeal of one defendant a new trial should also be granted as against the defendant as to whom evidence of the ownership of the vehicle was excluded, and who had had judgment in her favor.

DOWLING and SMITH, JJ., dissented in part.

APPEAL by the defendant, Isidor Oliver, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of May, 1916, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 31st day of May, 1916, denying the appellant's motion for a new trial made upon the minutes.

Appeal by the plaintiff, James P. McGovern, as administra-

tor, from a judgment of the Supreme Court in favor of the defendant Dorothy Oliver entered in the office of the clerk of the county of New York on the 26th day of May, 1916, upon the verdict of a jury.

*Edward A. Alexander* [*Frank Weinstein* with him on the brief], for the plaintiff, appellant.

*John L. Wells*, for the defendant, appellant.

*Frederick W. Catlin*, for the defendant, respondent.

Laughlin, J.:

We are of opinion that the evidence was sufficient to sustain the finding of the jury that the defendant, appellant, owned the automobile which struck the decedent, causing her death; but we think the plaintiff failed to establish by a preponderance of the evidence that the chauffeur who was driving the automobile at the time was then acting for the owner or within the scope of his employment so as to charge the owner with responsibility for his negligence, and on that point we deem the verdict to be clearly against the weight of the evidence. On the appeal of the defendant the judgment and order are, therefore, reversed and a new trial granted, with costs to the appellant to abide the event.

There was a general verdict in favor of the defendant Dorothy Oliver and in favor of the plaintiff against the defendant Isidor Oliver; but no special finding by the jury to indicate further the theory upon which the verdict was rendered. The evidence presented a fair question of fact with respect to which of the defendants owned the automobile, from the negligent operation of which it was claimed the death of the decedent was caused. On that issue the plaintiff offered in evidence the testimony of defendant Isidor Oliver, given on an examination before trial, showing that prior to and at the time of the accident the automobile was insured against loss by fire in the name of the defendant Dorothy Oliver, and that she paid the premium, and that she insured the automobile in a "liability insurance company." This evidence was excluded on objection interposed by her counsel, and exception to the rulings was duly taken by the plaintiff.

We are of the opinion that those rulings constitute reversible error. The evidence was competent and tended strongly to show that Dorothy Oliver was the owner of the automobile. (*Ferris* v. *Sterling,* 214 N. Y. 249; *Perkins* v. *Rice,* 187 Mass. 28.) The evidence being material to the issue was not rendered incompetent by the fact that it might have tended to show that an indemnity company would be liable over to Mrs. Oliver. (See *Di Tommaso* v. *Syracuse University,* 172 App. Div. 34.) It was, therefore, error prejudicial to the plaintiff to exclude it. The learned counsel for the plaintiff submitted, in connection with his oral argument, a printed brief for his client, both as respondent and appellant; but it contains no argument in support of the plaintiff, appellant. On the oral argument, however, he drew attention to the exclusion of this evidence and urged that if a new trial should be granted on the appeal of the defendant Isidor Oliver a new trial should also be granted on the plaintiff's appeal as against the defendant Dorothy Oliver on account of the exclusion of the evidence. We are impressed with the force of that suggestion for it is manifest that in a case like this, where one of the important questions is which of the defendants owns the automobile, for the negligent operation of which damages are sought to be recovered, unless the cause remains open as to both defendants, there is danger that on the new trial the jury may not find, with respect to ownership, the same as on the first trial.

It follows, therefore, that on the plaintiff's appeal the judgment in favor of the defendant Dorothy Oliver should be reversed and a new trial granted, with costs to the appellant to abide the event.

Clarke, P. J., and Page, J., concurred; Dowling, J., concurred in the reversal of the judgment and the granting of a new trial as to Dorothy Oliver, and dissented and voted to affirm the judgment against Isidor Oliver. Smith, J., concurred in the reversal of the judgment as to Isidor Oliver and voted for dismissal of the complaint; and dissented and voted to affirm as to Dorothy Oliver.

In each case: judgment and order reversed and new trial ordered, with costs to appellant to abide event.