DOROTHY RASHALL, Administratrix, etc., of LOUIS RASHALL, Deceased, Appellant, *v.* WILLIAM MORRA and Others, Defendants, Impleaded with NATIONAL SUGAR REFINING COMPANY OF NEW JERSEY, Respondent.

Second Department, April 5, 1937.

*Emil N. Baar* [*Arthur Block, Lawrence J. Lieberman* and *David E. Winer* with him on the brief], for the appellant.

*B. G. Barton,* for the respondent.

HAGARTY, J. On the 20th day of May, 1935, plaintiff's intestate was run over and killed by an automobile truck operated by defendant Thomas Kennedy while engaged in the delivery of merchandise for the defendant-respondent, National Sugar Refining Company of New Jersey, hereinafter referred to as the sugar company. The truck was owned by defendants William and Robert Morra who, at the time in question, conducted a general trucking business. Kennedy was in their employment generally. It is the plaintiff's claim here that, at the time of the accident, Kennedy was under the direction and control of the sugar company and that, on the facts established, the sugar company, respondent, was *pro hac vice* the master of the driver. That is the question presented on this appeal.

Apparently, for some two years prior to the happening of the accident, the truck had been exclusively used by the sugar company for delivery of its produce to retailers. Large signs on the sides of the truck, furnished by the sugar company, contained the name of the respondent and advertised its products. Daily, the Morras sent the truck to the sugar company, which, in turn, sent it on its rounds of delivery. After the truck left the garage in the morning, it was not seen by the Morras " until night again." While the driver was paid by the Morras, the sugar company had prepared, and the Morras had acquiesced in, a system or schedule under which remuneration for the hire of the truck and the services of the driver was determined, dependent upon the weight of the sugar delivered and the distances traversed, all within the sole dictation of the sugar company. The route of the truck and the method of loading were controlled by the sugar company, for it exercised the right to direct the order of deliveries, some orders having a preference over others, involving the placements on the truck. The sugar company provided the Morras with a number for the truck " for bookkeeping identification," as the sugar company's automotive superintendent testified. The driver was required by the sugar company to obtain and return to it receipts in quadruplicate for the goods delivered and to keep for it a record of his activities on a form supplied him and known as the " Daily Auto Record."

The sugar company's representative inspected hired trucks to determine whether or not they were clean, would " send a chauffeur back because of insolence or insubordination," and subjected such hired chauffeurs to the rules of conduct that it had adopted for the control of the chauffeurs of the trucks it owned. If a chauffeur of a hired truck refused to conform, " We would lay him off " and " We would tell his boss that we did not want him on the truck," according to the testimony of the sugar company's superintendent.

I can find no substantial distinction between the facts here established, and the inferences properly to be drawn therefrom, and those in *Baldwin* v. *Abraham* (57 App. Div. 67; affd., 171 N. Y. 677) and *Howard* v. *Ludwig* (57 App. Div. 94; affd., 171 N. Y. 507), where it was held that a question for the jury was presented as to the dominance of the hirer to a degree which rendered him liable under the doctrine of *respondeat superior*. In the *Howard Case* (*supra*) the element of an advertisement placed on the truck by a hirer was deemed " of great significance " in determining the status of the driver.

I am not unmindful of the rule that general directions given by a hirer to a driver of a hired truck with respect to the transportation of merchandise may not be construed to work a change in the status of the driver's employment, and that there can be no inference of surrender of direction and control of the servant by the general employer from the mere fact of division of authority over the employee. (*Charles* v. *Barrett*, 233 N. Y. 127; *Wagner* v. *Motor Truck Renting Corp.*, 234 id. 31; *Irwin* v. *Klein*, 271 id. 477.) But I am of opinion that, upon the proof in this case, it was within the province of the jury to find that there was a full surrender of direction and control to the sugar company. I believe that there was such a showing of " intimacy of control " by the sugar company as to make erroneous the dismissal of the complaint as a matter of law. (*Matter of Glielmi* v. *Netherland Dairy Co.*, 254 N. Y. 60, 63, 64.)

I am also of opinion that it was error to exclude proof of the insurance of the truck by the sugar company. The proof was competent and the weight to be accorded it was for the jury. (*McGovern* v. *Oliver*, 177 App. Div. 167; *Perkins* v. *Rice*, 187 Mass. 28; 72 N. E. 323.)

The judgment should be reversed on the law and a new trial granted, costs to abide the event.

LAZANSKY, P. J., CARSWELL, JOHNSTON and TAYLOR, JJ., concur.

Judgment dismissing complaint on the merits as against defendant National Sugar Refining Company of New Jersey reversed on the law and a new trial granted, costs to abide the event.