DELLA MARTYN et al., Appellants, v. LILLIAN BRAUN, Respondent.— Action to recover damages for personal injuries suffered by plaintiff wife, and companion action by plaintiff husband for expenses and loss of services, as a consequence of plaintiff wife's falling on the stoop of a building owned by the defendant, due to an alleged icy condition. Order denying in part plaintiffs' motion for examination before trial of the defendant modified on the law and the facts by granting such examination as to Item 1, except as to "the identity of such person or persons" rendering services to the defendant; and by allowing examination under Items 2 and 4. As thus modified, the order, insofar as appealed from, is affirmed, with $10 costs and disbursements to appellants. Except as to the identity of the persons working for the defendant who may be potential witnesses for her, the first item should have been allowed in its entirety, in view of the defendant having denied control of the stoop upon which plaintiff wife claims to have suffered injuries. (*Rashall* v. *Morra,* 250 App. Div. 474; *Levatino* v. *Rochester Sav. Bank,* 38 N. Y. S. 2d 182, and cases cited therein; *La Fata* v. *News Syndicate Co., Inc.,* 269 App. Div. 818; *McGovern* v. *Oliver,* 177 App. Div. 167.) Lewis, P. J., Hagarty, Carswell and Nolan, JJ., concur; Adel, J., concurs in the modification except as to allowance of the examination on the matter of insurance, specified under Item 1, as to which he

dissents, with the following memorandum: In my opinion plaintiffs are not entitled to examine defendant on the matter of insurance. Ownership of the property where the accident occurred is admitted. For that reason the cases cited are distinguishable. In the instant case the proof that the owner carried liability insurance can have no probative force on the issue of control.