**McDOWELL ASSOCIATES, Inc.,**
Plaintiff,

v.

**THE PENNSYLVANIA RAILROAD,**
Defendant.

United States District Court
S. D. New York.
June 27, 1956.

Bigham, Englar, Jones & Houston, New York City, Henry J. Bogatko, William M. Keegan, New York City, of counsel, for plaintiff.

Bleakley, Platt, Gilchrist & Walker, New York City, for defendant.

LEVET, District Judge.

This is an action by a shipper against a carrier to recover for damages to certain machinery which was shipped in defendant's cars and which was allegedly damaged in transit.

During the course of an examination conducted by the defendant, the following questions were asked of plaintiff's president, to which plaintiff's counsel objected:

"Q. Did you file any claims with the insurance companies or insurance company in connection with any of this machinery that was damaged in transportation by rail?

"Q. Did you file any claims with the insurance companies on the policies listed in Defendant's Exhibits 68a, b and c?

"Q. Have you received any moneys whatsoever from any insurance company * * * on the

damage claimed in connection with the shipments moving via railroad?

"Q. If any moneys were received from the insurance companies in connection with damages claimed to the machinery moving by rail, here, was that money retained by McDowell Associates or paid over to Alexander Smith?

"Q. Did Alexander Smith Company, if you know, file any claims with insurance companies in connection with the policies listed in Exhibits 68a, b and c?"

Whether or not defendant may inquire into the issue of plaintiff's insurance coverage, if any, depends upon the relevancy of said issue. Rule 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. expressly provides that " * * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."

Paragraph Eighth of the amended complaint in this action alleges that the plaintiff was the owner of the property in question and the lawful holder of the bill of lading which was issued by the defendant for such property. The defendant's answer to the amended complaint denies the aforesaid allegation, and, therefore, puts it in issue. The questions propounded by defendant's counsel concerning plaintiff's insurance coverage relate to the issue of plaintiff's ownership or control of the property in question and are, therefore, proper. McGovern v. Oliver, 177 App. Div. 167, 163 N.Y.S. 275; Rashall v. Morra, 250 App.Div. 474, 294 N.Y.S. 630; Martyn v. Braun, 270 App.Div. 768, 59 N.Y.S.2d 588.

Accordingly, plaintiff's objections to the aforesaid questions are overruled.

So ordered.