Matthew J. Jasen, J.
This is a motion by the defendants under rule 103 of the Rules of Civil Practice for an order striking from the complaint paragraph Twelfth, a portion of paragraph Thirteenth, paragraph Fourteenth, paragraph Fifteenth, paragraph Twenty-fifth, a portion of paragraph Thirty-seventh, as irrelevant, unnecessary, frivolous, impertinent and as tending to prejudice, embarrass or delay the fair trial of the action.
This is an action to recover damages for personal injuries sustained by the plaintiff as a result of an accident which occurred on June 16, 1960, at the site of the Niagara Power Project in Niagara Falls, New York. The plaintiff was at the time of the accident, an employee of the defendants, Edward Balf Co., Savin Brothers, Inc., and D. W. Winkelman Co., Inc.
These defendants were contractors for the State Power Authority for the construction of a certain portion of the Niagara Power Project. The defendant Uhl, Hall & Rich, an engineering firm, was retained by the Power Authority of the State of New York to prepare the specifications for and supervise construction of the entire project.
It was while the plaintiff was employed on this project that the accident occurred. He was engaged in hitching a bulldozer to a Euclid dumping truck when another Euclid dump truck which was backing down a steel ramp went out of control, descended the ramp, struck this plaintiff and crushed him between it and a bulldozer.
*733 The action is one alleging negligence on the part of each of the named defendants and appears to predicate the claim of negligence against the State Power Authority and Uhl, Hall & Rich on the theory that one or both of these defendants directed or controlled the method or technique of work employed by the contractor as a result of which they assumed liability for the contractor’s negligence.
The defendants contend that the allegations which they are attacking are irrelevant and that to require them to answer, admit or deny same would be prejudicial and further that to permit possible reference or mention of said allegations during the trial would be prejudicial.
The court fails to see the necessity of alleging the amounts of the contract prices in paragraphs Twelfth and Thirteenth. Allegations of the monetary amounts of the contracts between the defendants are irrelevant and proof of such allegations would be inadmissible during the trial of the action. Certainly such proof would have no probative value and bears no relation to the controversy between the parties. They have nothing to do with the basic issue of negligence nor with the question of direction and/or control.
Paragraph Fourteenth alleges “ that time was of the essence ” and sets forth certain specific periods for completion as a condition of the award of the contract. It is the opinion of this court that such an allegation relates directly to the Power Authority’s control of the project; therefore, relevant and material.
Paragraph Fifteenth alleges that the Power Authority purchased all the equipment for this project, supervised the work conditions, maintained the time schedules, controlled the hiring and dismissal of the employees by means of the reservation clause in the contract and even assumed the liability insurance premiums for the contractors. All these allegations, except the one referring to liability insurance, are material, which, if proved, would establish that the Power Authority directed and controlled the project and that by reason of said control and direction, it is a proper party defendant.
So much of the said paragraph Fifteenth as reads ‘‘ the provision of compensation and liability insurance by the Power Authority of the State of New York as its own individual responsibility, thereby relieving the contractors of payment of premium or other responsibility for injury or damages caused by the expedited action under the rigid time schedules ” is stricken as being irrelevant to the issues and prejudicial to the defendants. The court is aware of the rule of law that if the fact of insurance is relevant to one of the material issues, it *734 cannot be excluded on the ground that it may be prejudicial. The case relied on by the plaintiff, McGovern v. Oliver (177 App. Div. 167) as well as a similar holding made by the Court of Appeals in Leotta v. Plessinger (8 N Y 2d 449) can be distinguished in that therein the question of ownership was in issue and by virtue of said ownership liability arose and, therefore, the question of insurance was relevant. In this case the question of insurance was resolved by the contract not in dispute and, therefore, would in no way establish liability.
As to paragraph Twenty-fifth the court finds that ‘ ‘ the order of work ” allegation is material inasmuch as it tends to establish control on the part of defendants.
In paragraph Thirty-seventh of the complaint, all of the allegations set forth, except restrictions on employment to residents of New York State and insurance coverage, appear to be material in that they touch on the responsibility of the defendants insofar as the obligation of due care owing the plaintiff is concerned. The allegation restricting employment to residents of New York State is stricken as being irrelevant and immaterial; the court has previously ruled upon the allegation of insurance coverage.