Jean S. BERRY, Plaintiff,

v.

Max L. HAYNES and Sandor Nagy, also known as Alexander Nagy, Defendant.

Civ. No. 66–1062.

United States District Court
S. D. Florida.

Oct. 28, 1966.

Sams, Anderson, Alper & Spencer, Miami, Fla., for plaintiff.

Smathers & Thompson, Miami, Fla., for Sandor Nagy.

No attorney for defendant Max L. Haynes.

**244**

## OPINION AND ORDER

FULTON, District Judge.

The Plaintiff, Jean S. Berry, propounded interrogatories to the Defendant, Sandor Nagy, asking whether said Defendant was, at the time of the accident in suit, insured by policies of liability insurance, and if so, to state the number and limits of coverage of each such policy. The Defendant objected to these interrogatories on the grounds that, inter alia, the information sought is irrelevant and immaterial to Plaintiff's claim and to the affirmative defense asserted by Defendant Nagy, and further, that disclosure of this information would be prejudicial to the Defendant Nagy. Ownership, possession or control of the vehicle involved in this accident is not disputed.

Extensive research by this Court, as well as by counsel for both sides, discloses that there are no reported decisions in the Federal Courts within the Fifth Circuit on the point, and that the reported decisions in other areas of the country are split down the middle. There is no discernable trend in either direction to be gleaned from recent federal cases. However, this Court considers the policy behind the line of cases sustaining such an objection to be more persuasive.

Although the rules governing discovery procedures give great latitude to the litigants in their pre-trial quest for information, they do require that the information sought be not privileged and be relevant to either the subject matter of the litigation or relevant to the claims or defenses of a party. Rule 26(b), Federal Rules of Civil Procedure. (Rule 26 (b) governing the scope of discovery also governs the scope of interrogatories.) The rules as written and as construed by the Courts provide discovery procedures for three distinct purposes and uses:

1. To narrow the issues;

2. To obtain evidence for use at trial; and,

3. To secure information as to the existence of evidence that may be used at trial. 2A Barron & Holtzoff, § 641, at 10.

The basic issues in this case are the negligence of the parties, what negligence (if any) proximately caused the accident in suit, and compensatory damages. Liability insurance coverage of a defendant is not relevant or material to any of these issues, nor is this information which will narrow the issues, constitute evidence at trial or lead to discovery of evidence which would be admissible at trial. Therefore it is without the scope of discovery permitted by the rules.

It has been argued (and some courts have adopted such a position) that allowing discovery of a defendant's liability coverage in these cases leads to speedier settlement of claims, which would be consistent with the broad philosophy of Rule 1, that the Rules of Civil Procedure are to be construed to secure "just, speedy, and inexpensive determination of every action." See 2A Barron & Holtzoff § 647.1 and cases cited therein. However this argument is a double-edged sword, for just as a plaintiff's learning of low liability coverage could lead to a quicker settlement, his learning of high limits of liability coverage could also make him more inclined to hold out for a jury verdict.

Furthermore, even if the justification of speedier settlement of claims were accepted as being within the broad philosophy of the rules, the rules providing for discovery procedures at the same time provide boundary lines for the use of these procedures, namely materiality and relevancy, and discovery cannot exceed these boundaries. See 4 Moore Para. 26.16(3) and cases cited therein.

Indeed, to allow discovery of the limits of liability coverage in a case where purely compensatory damages are sought would act to shift the emphasis of the litigation from how much the plaintiff was damaged to how much the defend-

ant can pay, an emphasis which is clearly improper in a case of a non-punitive character. How much this Defendant can pay may subsequently be in issue if a judgment is rendered in Plaintiff's favor and execution is sought on that judgment, but until then, it is immaterial to this case.

Therefore, it is,

Ordered and adjudged that Defendant Nagy's Objections to the interrogatories propounded to him by Plaintiff be and the same are hereby sustained, and Defendant Nagy shall not be required to answer said interrogatories.