**Jeffrey T. BEAL, a Minor, by His Parents and Guardians, Robert T. Beal and Jessie Beal, and Robert T. Beal and Jessie Beal in Their Own Right, Petitioners,**

**v.**

**Joseph SCHUL, Respondent,**

**Honorable Ralph C. BODY, United States District Judge for the Eastern District of Pennsylvania, Nominal Respondent.**

**No. 16784.**

United States Court of Appeals Third Circuit.

Submitted on Petition for Writ of Mandamus Aug. 17, 1967.

Decided Oct. 3, 1967.

Rehearing Denied Nov. 20, 1967.

Stephen M. Feldman, Feldman & Feldman, Philadelphia, Pa., for petitioners.

Hugh M. Odza, Wissow & Odza, Philadelphia, Pa., for respondent.

Before KALODNER and SEITZ, Circuit Judges, and COHEN, District Judge.

## OPINION OF THE COURT

PER CURIAM:

Upon consideration of the petition for a writ of mandamus to the Honorable Ralph C. Body, United States District Judge for the Eastern District of Pennsylvania, Nominal Respondent, in the above entitled case, it is ordered that plaintiffs' petition for a writ of mandamus be and it hereby is denied.

SEITZ, Circuit Judge (dissenting).

The majority of the panel voted to refuse to issue any process on the petition for a writ of mandamus. Since I voted for the issuance of process and since, in my view, this matter is of some moment in the administration of justice, I am setting forth the reasons for my vote.

The factual background is relatively simple and undisputed. Petitioners are plaintiffs in a negligence action pending in the United States District Court for

the Eastern District of Pennsylvania. In that action they directed the following interrogatories to the defendant:

"11. Is there an insurance policy insuring the defendant for liability arising from the accident in question?

12. If so, what is the name and address of the insurer?

13. If so, what is the amount of the said insurance?"

The defendant objected on the following grounds:

1. The matters inquired into are not relevant to the issues of the case nor can they lead to discovery on any relevant issue.

2. They prematurely call for information relevant solely to the issue of damages.

3. They seek information about matters which are inadmissible and not relevant to the subject matter as provided by Rules 33 and 26(b).

By order dated August 8, 1967, the District Judge sustained the objections to the interrogatories "for the reasons stated" in the opinion of Judge Kirkpatrick in McClure v. Boeger, 105 F. Supp. 612 (E.D.Pa., 1952). On August 15, 1967, petitioners filed the present petition. They seek a writ of mandamus directed to the District Judge directing him to enter an order overruling the objections to the interrogatories in question. Essentially they charge an abuse of discretion arising from the misapplication of the federal rules of civil procedure.

I believe the panel agrees that under the law as presently interpreted there is no way these rulings of the district court can be appealed at any stage. Certainly, discovery matters are not generally appealable at an interlocutory stage. Furthermore, I cannot see how this type of ruling would come within the interlocutory appeals procedure set forth in 28 U.S.C.A. § 1292(b). This is so even had the order involved contained the required statutory recitals, which it does not. Compare Milbert v. Bison Laboratories, Inc., 260 F.2d 431 (3rd Cir. 1958).

The order would not be appealable after final judgment because its subject matter would not relate, so far as I can see, to any issue of liability or damages in the present context.

We seem, therefore, to have a situation where all agree that the ruling of the district court cannot be the subject matter of an appeal. Yet it is important that the governing rule be announced by the Circuit Court. I say this because we now have a conflict in the district courts of our own Circuit as to the proper rule. As this case reveals, discovery is not permitted as to this subject matter in the Eastern District. The same is true in the District of Delaware. See Gangemi v. Moor, 268 F.Supp. 19 (Dist. of Del. 1967). However, in the Middle District of Pennsylvania this type of discovery is permitted. See Slomberg v. Pennabaker, 42 F.R.D. 8 (M.D.Pa. 1967).

I think the orderly administration of justice calls for the adoption of a procedure which will permit the Circuit Court to establish the same rule to govern all litigants in the Circuit. Moreover, without expressing any opinion as to which way the matter should be decided, I think it can fairly be agreed that the ruling would be of great legal and practical importance.

I am aware of and sympathetic to the view that the writ of mandamus should be used sparingly. However, I think it clear that there is no reflection on the trial court by the use of the writ to permit a ruling by the Circuit Court where no other way seems available to get the subject matter before the Circuit Court. Were there some appeal procedure available here, I would also agree that the writ should not issue. The United States Supreme Court has indicated that in a proper case, even when a discovery ruling is involved, a writ of mandamus is available. See Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). We are not dealing with a case such as Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947) where the Supreme Court would not per-

mit its use in a situation where the subject matter could be reviewed by a later appeal.

I think the writ should issue here to bring certainty to the law in this area in the Third Circuit.