**Edith Gifun Mellins GOLDENBERG,**
**Plaintiff,**

**v.**

**Herbert S. WOLFE, Individually and**
**d/b/a Rosenthal, Wolfe &**
**Clayman, Defendant.**

Civ. 12046.

United States District Court
D. Connecticut.

Dec. 14, 1967.

Charles Townsend, Jr., Stamford, Conn., for plaintiff.

Dion W. Moore and Henry J. Lyons, of Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for defendant.

TIMBERS, Chief Judge.

In this diversity action for legal malpractice brought by a former client against her lawyer claiming negligence and breach of contract, defendant has objected to plaintiff's interrogatory, pursuant to Rule 33, Fed.R.Civ.P., as to the name of defendant's professional liability insurance carrier, the policy limits and whether there is coverage for punitive damages.

Contrary to the informal ruling indicated from the bench at the hearing on defendant's objection to this interrogatory, the Court, upon reflection, is of the opinion that plaintiff's interrogatory seeking information regarding defend-

ant's insurance coverage should be answered. Accordingly, an order has been entered overruling defendant's objection and directing defendant to answer the interrogatory.

Authorities differ as to the discoverability of insurance information prior to judgment in a negligence action. Some courts have permitted such discovery. Johanek v. Aberle, 27 F.R.D. 272 (D. Mont.1961); Hurt v. Cooper, 175 F.Supp. 712 (W.D.Ky.1959); Brackett v. Woodall Food Products, Inc., 12 F.R.D. 4 (E.D. Tenn.1951); Orgel v. McCurdy, 8 F.R.D. 585 (S.D.N.Y.1948). Other courts have refused such discovery. Clauss v. Danker, 264 F.Supp. 246 (S.D.N.Y.1967); Roembke v. Wisdom, 22 F.R.D. 197 (S.D. Ill.1958); Gallimore v. Dye, 21 F.R.D. 283 (E.D.Ill.1958); McNelley v. Perry, 18 F.R.D. 360 (E.D.Tenn.1955); McClure v. Boeger, 105 F.Supp. 612 (E.D. Pa.1952).

In the District of Connecticut in the past the views of our judges regarding the disclosure of insurance information prior to judgment have varied. Compare Langlois v. Allen, 30 F.R.D. 67 (D.Conn. 1962), and Flynn v. Williams, 30 F.R.D. 66 (D.Conn.1958), with Novak v. Good Will Grange No. 127, Patrons of Good Husbandry Incorporated, 28 F.R.D. 394 (D.Conn.1961), and Sartori v. Niles, Civil No. 11,451 (D.Conn. June 19, 1967) (claims agent of insurance carrier held in contempt for refusal to disclose policy limits pursuant to order of Court at pre-trial conference).

As Judge Clarie has pointed out in his recent opinion in Deveau v. The Millis Transportation Company, Civil No. 11,-737 (D.Conn. November 21, 1967), the Connecticut legislature at its 1967 Session enacted a statute which provides as follows (Public Act No. 485, approved June 15, 1967, effective October 1, 1967):

"In any civil action founded upon negligence, the defendant's insurance liability policy limits shall be subject to discovery upon written motion of the plaintiff, which motion and disclosure shall be excluded from the file submitted to the jury."

 Recognizing that this Court is not required to follow state procedural rules, nevertheless, since "the deposition-discovery rules [under the Federal Rules of Civil Procedure] are to be accorded a broad and liberal treatment" (Hickman v. Taylor, 329 U.S. 495, 507 (1947)), on this matter the Court believes it should follow a policy at least as liberal as that reflected in the statute recently enacted by the Connecticut legislature and should permit discovery of insurance liability policy limits in civil actions involving a claim of negligence.

I am authorized to state that the other Connecticut District Judges concur in the views expressed in the last preceding paragraph.