**420**

Melford J. WOLDUM and Viola Woldum, Plaintiffs,

v.

ROVERUD CONSTRUCTION, INC., a Corporation, Defendant.

Civ. No. 67-C-513-EC.

United States District Court
N. D. Iowa, E. D.

Jan. 19, 1968.

Frank R. Miller, Decorah, Iowa, for plaintiffs.

Harry Wilmarth, Ralph W. Gearhart, Cedar Rapids, Iowa, for defendant.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendant's Objections to Interrogatories, filed December 29, 1967, and plaintiffs' resistance thereto.

■ In this action damages are sought for personal injuries allegedly suffered by plaintiff Melford J. Woldum when he was struck by a construction machine operated by an employee of defendant. The interrogatories in question ask whether defendant carried liability insurance at the time of the accident, the name and address of the insurer, the name of the insured, and the amount of coverage. Defendant objects on the grounds that said interrogatories are "an attempt to inquire into privileged matters, not proper interrogatories, incompetent, irrelevant and immaterial."

■■ The federal courts are divided on the discoverability of insurance. It is this court's view that the better rule is that taken by courts allowing discovery. E. g., Slomberg v. Pennabaker, 42 F.R.D. 8 (M.D.Pa.1967); Cook v. Welty, 253 F.Supp. 875 (D.D.C.1966); Ash v. Farwell, 37 F.R.D. 553 (D.Kan.1965); 41 A.L.R.2d 968 and Supplement Service. The overriding purpose of the federal discovery rules is to promote full disclosure of all facts to aid in the fair, prompt and inexpensive disposition of lawsuits. Rule 1, F.R.Civ.P., requires that the federal rules "be construed to secure the just, speedy, and inexpensive determination of every action." It would seem that permitting discovery of the existence and amount of coverage better furthers the word and spirit of the rules than to deny it.

It is therefore ordered Defendant's Objections to Interrogatories, filed December 29, 1967, are overruled.