Mrs. Leonard WOOD, Administratrix of
the Estate of Leonard Wood,
Deceased, Plaintiff,

v.

TODD SHIPYARDS, Clyde Iron Works,
and the United States of America,
Defendants.

Civ. A. No. 68-G-60.

United States District Court
S. D. Texas,
Galveston Division.

Oct. 22, 1968.

Newton B. Schwartz, Houston, Tex., for plaintiff.

A. J. Watkins, Watkins, Ryan & Hamilton, Houston, Tex., for Clyde Iron Works.

Robert Gordon Gooch, Baker, Botts, Shepard & Coates, Houston, Tex., for Todd Shipyards.

Morton L. Susman, U. S. Atty., and Andrew J. Shepherd, Asst. U. S. Atty., Houston, Tex., for the United States.

## MEMORANDUM AND ORDER:

NOEL, District Judge.

In this wrongful death and negligence action, plaintiff, by Rule 33 interrogatories, is inquiring into the existence and limits of defendant Clyde Iron Works' liability insurance. Defendant has objected to these interrogatories on the ground that the information sought is irrelevant to the issues before the court. Defendant's objections are sustained.

"Very few questions involving discovery are as unsettled as is the discoverability of defendant's liability insurance." [1] The decisions of the federal districts courts are divided on this point. Many of them allow such discovery.[2]

---

1. 2A Barron and Holtzoff § 647.1 (Wright ed. 1961).

2. Vetter v. Lovett, 44 F.R.D. 465 (W.D. Tex.1968); Woldum v. Roverud Con-

**364**

Many do not.[3] Commentators are also divided on whether or not insurance can be discovered.[4] Since it is generally conceded that the courts of appeals are unable to rule upon the issue,[5] the conflict among the district courts can only be resolved by amendment to the Rules of Civil Procedure.[6] Although there are no reported cases from this district, the general practice has been to disallow discovery of insurance. In the only reported case from a United States District Court situated in the State of Texas, such discovery was allowed. Vetter v. Lovett, 44 F.R.D. 465 (W.D.Tex. 1968). The state courts of Texas do not allow discovery of insurance.[7]

■ Whether insurance may be discovered is governed by Rule 26(b), Federal Rules of Civil Procedure, which provides:

> * * * [T]he deponent may be examined regarding any matter, not privileged, which is *relevant to the subject matter* involved in the pending action * * *. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears *reasonably calculated to lead to the discovery of admissible evidence.* (Emphasis added).

Thus, it seems clear that Rule 26(b) contemplates only the discovery of admissible evidence or matter that could lead to admissible evidence at the trial. The purpose of discovery procedures are (1) to narrow the issues; (2) to obtain evidence for use at trial; and (3) to secure information as to the existence of evidence that may be used at trial. Berry v. Haynes, 41 F.R.D. 243 (S.D. Fla.1966).

■ The basic issues in this case are the negligence of the parties, what negligence was the proximate cause of the accident, and compensatory damages. Liability insurance coverage of a defendant is not relevant or material to any of these issues, nor is this information which will narrow the issues, constitute evidence at the trial or lead to evidence which would be admissible at the trial. Therefore, it is beyond the scope of discovery permitted by the rules. Under some circumstances liability insurance can be highly relevant to the issues in litigation,[8] but such is not the case here.

---

struction, Inc., 43 F.R.D. 420 (N.D. Iowa 1968); DeVeau v. Millis Transportation Co., Inc., 43 F.R.D. 505 (D. Conn.1967); Goldenberg v. Wolfe, 44 F.R.D. 17 (D.Conn.1967); Cf. Mahler v. Drake, 43 F.R.D. 1 (D.S.C.1967). Earlier cases are collected at 4 Moore 26.16 [3], n. 4.

3. Gangemi v. Moor, 268 F.Supp. 19 (D. Del.1967); Pruitt v. M/V Patignies, 42 F.R.D. 647 (E.D.Mich.1967); Cf. Beal v. Schul, 383 F.2d 401 (3d Cir. 1967). Earlier cases are collected at 4 Moore 26.16 [3], n. 4.

4. Citations are collected at 2A Barron and Holtzoff § 647.1 (Wright ed. 1961).

5. See dissenting opinion of Seitz, J., in Beal v. Schul, 383 F.2d 401 (3d Cir. 1967).

6. Clauss v. Danker, 264 F.Supp. 246 (S.D. N.Y.1967). The American Bar Association's Special Committee on the Federal Rules of Civil Procedure is sharply divided on whether to approve the proposed Rule authorizing insurance discovery. According to Release 4, 12 Federal Rules Service, Second Series, September 10, 1968, the proposal to authorize discovery of insurance coverage was supported by eight members and opposed by seven.

7. Thode, Some Reflections on the 1957 Amendments to the Texas Rules of Civil Procedure Pertaining to Witnesses at Trial, Depositions, and Discovery, 37 Texas L.Rev. 33. 40–42 (1958).

8. For example, discovery of insurance coverage has been allowed when it might shed light on the relationship of the parties, Plyler v. Gordon, 25 F.R.D. 170 (D. N.J.1960); or the ownership of property, McDowell Associates, Inc. v. Pennsylvania R.R. Co., 142 F.Supp. 751 (S.D. N.Y.1956).

Although this result seems logically invulnerable, many courts have, nevertheless, permitted discovery of liability insurance. The reasons offered to support such discovery are beguiling, but they fail to surmount the relevancy requirement of Rule 26(b). Courts permitting discovery most frequently argue that Rule 1 requires that the Federal Rules be construed to secure the just, speedy, and inexpensive determination of every action, and that disclosure of insurance coverage would promote speedy settlements. E. g. Cook v. Welty, 253 F.Supp. 875 (D.D.C.1966). The weakness in this argument is that there is no need to "construe" where the scope of inquiry is clearly delineated. Pruitt v. M/V Patignies, 42 F.R.D. 647 (E.D. Mich.1967).

 Rule 26(b) requires that information sought to be discovered be relevant to the issues in dispute. By allowing discovery of insurance limits, the court would be shifting the emphasis of the litigation from how much the plaintiff was damaged to how much the defendant can pay. This is clearly improper. How much the defendant can pay may subsequently be in issue if a judgment is rendered against him and execution is sought on that judgment; but until then, it is irrelevant to any issue in the case. Berry v. Haynes, supra. Judge Freeman effectively refuted the theory that disclosure promotes speedy compromise settlements in *Pruitt*, supra, when he pointed out that in many circumstances such discovery would lengthen rather than shorten the litigation.

Other courts which have allowed discovery of insurance de-emphasized the last sentence of Rule 26(b). These courts held the controlling language of Rule 26(b) to be "relevant to the subject matter," and that it was not necessary that the information requested lead to admissible evidence. See, e. g. Johanek v. Aberle, 27 F.R.D. 272 (D. Mont.1961). These courts reasoned that insurance was relevant to the subject matter of the litigation since if plaintiff won, assets of the defendant became relevant at that time.

All the language of Rule 26(b) must be read together. The sounder application of Rule 26(b) requires that the information sought lead to admissible evidence at the trial. The Notes of the Advisory Committee substantiate this conclusion: "[O]f course, matters entirely without bearing either as direct evidence or as leads to direct evidence are not within the scope of inquiry * * *." [9]

Therefore, I am convinced that Rule 26(b), *as it now reads*, precludes discovery of defendant's liability insurance. Significantly, Proposed Rule 26(b) (2) in the "Preliminary Draft of the Proposed Amendment to the Rules of Civil Procedure for the United States District Courts," specifically provides for the discovery of insurance. The Notes of the Advisory Committee reveal that this provision was added as an exception to the relevancy requirement in order to resolve the conflict in the district courts. This court takes no position on the desirability of such discovery, but merely finds that under the present Rules it cannot be granted. If the Rules are to be amended, it should be accomplished by the Supreme Court through its rule-making power; 28 U.S.C. § 2072.

Therefore, it is hereby ordered, that defendant's objections to plaintiff's interrogatories be, and hereby are, sustained.

The Clerk shall file this memorandum and order and send true and correct copies to all counsel of record.

---

9. As quoted in 2A Barron and Holtzoff, § 647.1 (Wright ed. 1961).