■ PAUL E. HOFF, Respondent, v STATE FARM INSURANCE COMPANY, Appellant. JEFFREY WILCZAK et al., Infants, by Their Guardian ad Litem, HERBERT WILCZAK, Plaintiffs, v BRIAN STRONG, Defendant; PAUL E. HOFF, Respondent, and ROMAN WILCZAK et al., Appellants. PAUL E. HOFF, Third-Party Plaintiff-Respondent, v STATE FARM INSURANCE COMPANY, Third-Party Defendant-Appellant.—Order unanimously reversed, with costs, and motion granted for severance and separate trials of actions in accordance with the following memorandum: As a result of a three-car accident defendant Strong, (not a party to this appeal), third-party plaintiff-respondent Hoff and defendants-appellants Wilczak were sued for damages for personal injuries suffered by two infant passengers in the Wilczak car. Defendants Wilczak cross-claimed against defendants Strong and Hoff and Hoff cross-claimed against the Wilczaks seeking indemnification. In addition Hoff brought an action against the Wilczaks to recover for personal injuries and property damages which he claimed that he suffered in the accident. Respondent Hoff also brought an action against defendant-appellant State Farm Insurance Company (State Farm), claiming that after the accident State Farm, the insurer of the Wilczaks' vehicle, converted the Hoff automobile, transported it to a place of its own choosing and may have altered its condition, either by design or inadvertence. Third-party plaintiff Hoff demands $151,650 for his damages, of which $100,000 is for exemplary and punitive damages resulting from the conversion of the Hoff vehicle. Defendants Wilczak and third-party defendant State Farm moved to dismiss the third-party complaint or in the alternative to sever the third-party complaint from the main negligence action on the ground that it would unduly prejudice the rights of the parties. The movants in this appeal from a denial of their motion seek to reverse Special Term's refusal to grant that severance. Appellants contend that failure to sever will be prejudicial to them, for the jury will learn that State Farm is the Wilczaks' insurer (*Schwartz v Woodner & Co.*, 40 AD2d 1027). Respondent Hoff counters with the argument that jurors are well-informed that all cars are insured in this State, that the rule precluding disclosure of insurance is not absolute and "is condemned only where the fact of its existence is irrelevant to the issues and where such reference is, in all likelihood, made for the purpose of improperly influencing the jury. (See *Leotta v Plessinger*, 8 NY2d 449, 461–462; *Akin v Lee*, 206 NY 20, 23)." (*Oltarsh v Aetna Ins. Co.*, 15 NY2d 111, 118). Appellants further assert that trying the negligence and conversion actions together will confuse the jurors and prejudice them against appellants because of the claimed tortious acts of State Farm. We believe the latter to be a more cogent and persuasive argument for severance. The question of negligence in the main action and the issue of State Farm's alleged tortious acts are essentially different in character, involve different rules of law and different measures of damage. There is nothing in common between the two types of action and, indeed, little relevance. The inferences

which a jury might draw from an offer of proof of destruction or mutilation of evidence might obfuscate and impair an impartial consideration of the negligence question (see *Sporn v Hudson Tr. Lines,* 265 App Div 360, 361; Richardson, Evidence [10th ed.], § 91). The avoidance of confusion and prejudice requires severance as provided for in CPLR 603. As pointed out in 2 Weinstein-Korn-Miller, N.Y. Civ. Prac., par 603.05, "Severance may be granted if the jury might tend to become confused or unduly prejudiced by the evidence in one claim when passing on another". It was an improvident exercise of Special Term's discretion to have denied the request for severance. The cause of action for conversion should be tried and concluded prior to the trial of the negligence cause of action. (Appeal from order of Oneida Special Term in actions for conversion and negligence.) Present—Moule, J. P., Cardamone, Simons, Goldman and Del Vecchio, JJ.