OPINION OF THE COURT
Lewis R. Friedman, J.
It is the well-established rule in this State that "whether a defendant has or has not obtained insurance is irrelevant to the issues, and, since highly prejudicial, therefore, inadmissible.” (Leotta v Plessinger, 8 NY2d 449, 461; Simpson v Foundation Co., 201 NY 479, 490; Van Romapaye Trucking Corp. v Heebner, 85 NYS2d 347, 348; Butera v Donner, 177 Misc 966, 970; cf., CPLR 3101 [f].) This case raises the question of when, despite that rule, proof of insurance may be admitted in a tort case.
Plaintiff was a mason injured in a fall from a scaffold at a construction site owned by defendant Mellucci. One of the central issues is who, within the meaning of Labor Law § 240, is the general "contractor” on the job — Melvit Construction Corp. (Melvit) or Mellucci, one of its officers. The oral contract for masonry work was entered into between Mellucci and plaintiff, the president of the masonry subcontractor. The question is whether Mellucci acted in his individual capacity or as a corporate officer. The construction permit issued by the City of New York to Melvit for this job is already in evidence. Mellucci now seeks to offer into evidence the certificate of insurance issued to Melvit for the job in question, contained in the Department of Buildings file. Apparently, the certificate is required before a building permit will be issued. (Cf., Administrative Code of City of New York § 27-160 [a] [3].)
Mellucci argues that the insurance policy is evidence tending to establish that the corporation was the general contractor. Melvit claims prejudice.
There are no recent cases on point. However, it has been stated that, notwithstanding the absolute prohibition in the earlier cases, the fact of insurance may be divulged at trial, if "it is relevant to some material issue directly raised by the pleadings such as ownership or control of the instrumentality causing the accident”. (Shutt v Pooley, 43 AD2d 59, 61-62; Leotta v Plessinger, 8 NY2d, supra, at 461-462; Hoff v State Farm Ins. Co., 48 AD2d 1001.) It has long been the rule that proof that a party insures an instrumentality is competent evidence which tends strongly to show ownership (Ferris v Sterling, 214 NY 249, 253; McGovern v Oliver, 177 App Div *598 167, 169) or control (Martyn v Braun, 270 App Div 768). However, the rule is not necessarily so narrow (Leotta v Plessinger, 8 NY2d, supra, at 461-462).
There is no doubt that the insurance certificate shows that the corporation specifically sought coverage to protect it from claims by third parties who might be injured. Thus, Melvit has acknowledged an interest in the jobsite, despite its current posture. The jury could find that a policy specifically issued to Melvit covering this construction job is strong proof that Melvit was in control of the project and was the "general contractor”.
Melvit also argues that Mellucci "might have” obtained the insurance in question, or that the person signing the certificate "might not” have been authorized to do so. The short answer is that the city relied on the certificate in issuing the permit to Melvit and there is no proof before the court to show any infirmity in the document.
New York law does not view the introduction of evidence of insurance as a question for balancing probative value against prejudice. An analysis of the cases leads to the conclusion that once the party seeking to offer the evidence has met the extremely high threshold showing of a necessity of the proof on a relevant issue, possible prejudice to other parties is to be disregarded (see, e.g., Hennings v Power Auth., 30 Misc 2d 732, 734 [Jasen, J.]; McGovern v Oliver, supra; Oltarsh v Aetna Ins. Co., 15 NY2d 111, 118). Even if there were a balancing test, the court would find that the scales here tip in favor of Mellucci and the admission of the evidence. The corporation, of which Mellucci was a principal and officer, is seeking at trial to claim that the contract with plaintiff’s company was, in effect, ultra vires. Mellucci would be deprived of his defense if he could not prove that the corporate entity had applied for insurance coverage for the specific jobsite in order to obtain the permit required. There is, of course, prejudice to Melvit. That problem, however, is of Melvit’s own making. The insurance carrier representing Melvit refused to cover the accident thus forcing Mellucci or plaintiff to prove that the corporation is responsible. A party who raises an issue should not be heard to complain that the other party’s responsive proof is prejudicial.
The objection is overruled; the document is received.