■ ENRICO FURIA et al., Respondents, v SABATO MELLUCCI et al., Appellants, and YONKERS PUT LOCKS Co., INC., Respondent. MELVIT CONSTRUCTION CORPORATION, Third-Party Plaintiff-Appellant, v TOP VIEW CONSTRUCTION Co., Third-Party Defendant-Respondent.—Judgment of the Supreme Court, Bronx County (Lewis Friedman, J.), entered on or about June 12, 1989, which, after jury trial, *inter alia,* awarded plaintiff Enrico Furia the sum of $717,996.25 and plaintiff Maria Furia the sum of $7,548.75 as against defendant Sabato Mellucci and defendant and third-party plaintiff Melvit Construction Corporation, unanimously affirmed, with costs.

In this personal injury action, plaintiff Enrico Furia sought recovery of monetary damages for severe and permanent personal injuries sustained in a fall from a scaffold. Enrico, a brick mason and employee of his own company, third-party defendant Top View Construction Co., was performing brick and masonry work on behalf of defendant Melvit Construction Corporation at a property owned by defendant Sabato Mellucci, an officer and shareholder of defendant and third-party plaintiff Melvit Construction Corporation.

It is well established that, in reviewing a jury verdict for sufficiency, a court must examine the evidence in the light most favorable to the prevailing party *(Matter of Kornblum Metals Co. v Intsel Corp.,* 38 NY2d 376, 379; *Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245), and that before the court may find that the verdict is not supported by sufficient evidence, it must "first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499).

Applying these principles to the case at bar, we conclude that the jury's findings of negligence on the part of defendants Melvit and Mellucci are sufficiently supported by the evidence and that the award of damages by the jury neither deviates materially from what would be reasonable compensation (CPLR 5501 [c]) nor shocks the conscience of the court *(Felice v Delporte,* 136 AD2d 913, 914, *lv denied* 72 NY2d 829). The jury award was supported by plaintiff's evidence that he sustained injury to his right wrist and chest, including fractures of three left ribs with an attendant collapsed lung

(hemothorax), resulting in permanent pain and impairment of plaintiff's work-related and physical activities more than 10 years after the date of the accident.

Appellants' claim that the evidence was highly speculative on the question of pain and suffering and their challenge to the method of computation utilized by plaintiff's expert in determining the amount of plaintiff's past and future lost wages are without merit. It is well settled that the weight to be accorded the conflicting testimony of experts is a matter "peculiarly within the province of the jury" *(Norfleet v New York City Tr. Auth.,* 124 AD2d 715, 716, *lv denied* 69 NY2d 605; *Chodos v Flanzer,* 109 AD2d 771; *Sternemann v Langs,* 93 AD2d 819).

Equally devoid of merit is appellants' contention that the trial court erred in failing to apply Labor Law § 240 (1) as against third-party defendant Top View Construction Co. Defendant Melvit, as a general contractor, is not within the class of persons intended to be protected by that statute *(Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774; *Russin v Picciano & Son,* 54 NY2d 311; *Chester Litho v Palisades Interstate Park Commn.,* 33 AD2d 202, *affd* 27 NY2d 323; *Novell v Carney Elec. Constr. Corp.,* 123 Misc 2d 1089). Moreover, the evidence establishes that defendant Melvit, through its principal, defendant Mellucci, directed that the scaffold in question be placed in an unsafe location indoors and that defendant Melvit constructed the inadequate wooden flooring which apparently caused the accident.

Finally, the trial court did not commit reversible error in permitting defendant Mellucci to offer into evidence a building permit and certificate of insurance issued to defendant Melvit. This evidence tended to establish that defendant Melvit rather than defendant Mellucci, one of its officers, was the "general contractor" at the jobsite within the meaning of Labor Law § 240 (1) *(Leotta v Plessinger,* 8 NY2d 449, 461; *Hoff v State Farm Ins. Co.,* 48 AD2d 1001; *Shutt v Pooley,* 43 AD2d 59, 61).

We have considered the remaining contentions advanced on appeal and find them to be without merit. Concur—Murphy, P. J., Kassal, Ellerin, Smith and Rubin, JJ. *[See,* 143 Misc 2d 596.]