■ JANE E. CIBENER, Individually and as Executrix of DONALD L. CIBENER, Deceased, Appellant, v JANE BRILL, as Executrix of GERALD BRILL, Deceased, et al., Respondents. [597 NYS2d 7] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered March 3, 1992 upon a jury verdict in

favor of defendants dismissing the complaint, unanimously affirmed, without costs.

" 'It is settled that a jury verdict in favor of defendant may not be set aside unless it plainly appears that the evidence so preponderates in favor of the plaintiff that the verdict for the defendant could not have been reached on any fair interpretation of the evidence.' " *(Niewieroski v National Cleaning Contrs.,* 126 AD2d 424 [quoting *Marton v McCasland,* 16 AD2d 781, 782], *lv denied* 70 NY2d 602.) Such is not the case in this medical malpractice action against plaintiff's decedent's treating physicians in which conflicting expert medical testimony was presented as to whether, *inter alia,* a colonoscopy was properly performed on decedent the first time he complained of bleeding through the rectum, a second colonoscopic examination should have been directed following a negative barium enema reading, and the colonoscopist's findings were properly relied on by the referring physician—all matters " 'peculiarly within the province of the jury' " *(Furia v Mellucci,* 163 AD2d 88, 89, *lv denied* 77 NY2d 803). Plaintiff's objection concerning the admissibility and reliability of a defense expert pathologist's testimony was not preserved for appellate review by timely objection at the trial.

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro and Kupferman, JJ.